**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANDRE MCDANIEL, | : | **HON. RENÉE MARIE BUMB** |
|  | : |  |
| Petitioner, | : | Civil Action No. 07-3294 (RMB) |
|  | : |  |
| v. | : |  |
|  | : |  |
| FEDERAL BUREAU OF PRISONS, et al., | : | **OPINION** |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    ANDRE MCDANIEL,#01289-748
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

    DOROTHY J. DONNELLY, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE,  United States Attorney
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorneys for Respondents

**BUMB**, District Judge

Petitioner Andre McDaniel filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the date set by the Bureau of Prisons ("BOP") for his pre-release custody placement in a residential re-entry center ("RRC"), formerly known as a community corrections center ("CCC").  The BOP filed an Answer, accompanied by the declarations of Tami McKinnon and Tara Moran, together with several exhibits.  For the reasons explained in this Opinion, the Court dismisses the Petition.

## I. BACKGROUND

Petitioner is incarcerated at FCI Fort Dix in New Jersey, serving a federal sentence of 121 months imposed on October 20, 2000, by the United States District Court for the District of Columbia, for possession with intent to distribute crack. He asserts that the BOP determined that his statutory release date is April 24, 2008, and that his RRC/CCC placement date is February 21, 2008. Petitioner contends that the BOP determined this date in violation of Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). He seeks a RRC/CCC placement of six months because his spouse, his parents, and his 11 children need his financial support.

The BOP filed an Answer, accompanied by the declarations of Tara Moran, Legal Assistant with the BOP, and Tami McKinnon, Petitioner's Case Manager, together with the Public Information Inmate Data Sheet for Petitioner, dated September 7, 2007, and the Institutional Referral for CCC Placement (BP-210) for Petitioner, dated April 18, 2003. The BP-210, which is signed by the Warden and Unit Manager, recommends a RRC/CCC placement date of October 29, 2007, to November 29, 2007, in the District of Columbia. Tami McKinnon avers that, in accordance with the statutory factors and the Woodall decision, FCI Fort Dix officials sought to place Petitioner in a RRC/CCC in District of Columbia for the final six months of his sentence. She asserts

that the Community Corrections Manager in the District of Columbia established Petitioner's placement date as February 21, 2008, however, because no bed space was available before that date. Specifically, she avers:

> In its determination which is documented on the . . . BP-210 . . . the institution . . . recommended an RRC placement [date] range of October 29, 2007 to November 29, 2007. Consideration of all the statutorily required factors by the Prison fulfilled teh mandates of teh Third Circuit's guidance in Woodall.
>
> On April 18, 2007, Petitioner's BP-10 was signed by the Warden and forwarded to the CCM's office in Maryland.
>
> The CCM's Office in Maryland assigned the Petitioner a placement date of February 21, 2008. Upon inquiry, I have learned that Petitioner did not receive an earlier placement date from the CCM because bed space in that CCM area is extremely limited.

(Declaration of Tammi McKinnon, p. 4.)[1]

In the Answer, Respondents argue that the Petition should be dismissed on the merits because the BOP determined Petitioner's CCC placement date in good faith and in accordance with the Third Circuit's ruling in Woodall.

---

[1] The CCM or Community Corrections Manager is a BOP employee who acts as the contact between the BOP facility and the individual RRC/CCC, which is a privately owned halfway house. (Declaration of Tami McKinnon, p. 2-3.)

## **II. DISCUSSION**

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005); Spencer v. Kemna, 523 U.S. 1 (1998).

B. The Merits

Section 3621(b) of Title 18 provides:

(b) Place of imprisonment.-- The Bureau of Prisons shall designate the place of the prisoner's

4

>    imprisonment.  The Bureau may designate any available
>    penal or correctional facility that meets minimum
>    standards of health and habitability. . . ., that the
>    Bureau determines to be appropriate and suitable,
>    considering--
>
>    (1) the resources of the facility contemplated;
>
>    (2) the nature and circumstances of the offense;
>
>    (3) the history and characteristics of the prisoner;
>    (4) any statement by the court that imposed the
>    sentence [that articulated the purpose behind the
>    sentence or offered a recommendation for placement]
>    . . .
>    (5) any pertinent policy statement issued by the
>    Sentencing Commission pursuant to section 994(a)(2) of
>    title 28.

18 U.S.C. § 3621(b).  Section 3621(b) also advises that "there shall be no favoritism given to prisoners of high social or economic status."  Id.

In addition, 18 U.S.C. § 3624(c) provides:

>    (c) Pre-release custody.-- The Bureau of Prisons shall,
>    to the extent practicable, assure that a prisoner
>    serving a term of imprisonment spends a reasonable
>    part, not to exceed six months, of the last 10 per
>    centum of the term to be served under conditions that
>    will afford the prisoner a reasonable opportunity to
>    adjust to and prepare for the prisoner's re-entry into
>    the community.  The authority provided by this
>    subsection may be used to place a prisoner in home
>    confinement.  The United States Probation System shall,
>    to the extend practicable, offer assistance to a
>    prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

Prior to December, 2002, BOP P.S. 7310.04 provided that a prisoner might receive CCC placement up to six months, regardless of the length of his term and without regard to the ten percent

limitation contained in § 3624(c).  See Woodall, 432 F.3d at 240. Thus, placement was made based on an evaluation of § 3621(b)'s factors and without regard to § 3624(c)'s time limitations. However, on December 13, 2002, the Department of Justice Office of Legal Counsel issued a memorandum concluding that the authority to transfer a prisoner to a CCC is derived solely from § 3624, which limits CCC placement to the lesser of 10% of the sentence or six months.  Id.  The First Circuit and the Eighth Circuit found the 2002 policy unlawful because it failed to recognize the BOP's discretion to transfer an inmate to a CCC at any time under § 3621.  Id.

In response to these and other rulings, on August 18, 2004, the BOP proposed new regulations "announcing its categorical exercise of discretion for designating inmates to community confinement when serving terms of imprisonment."  69 Fed. Reg. 51,213 (Aug. 18, 2004).  The final rules, which became effective on February 14, 2005, limit CCC placement to the lesser of 10% of a prisoner's total sentence or six months, unless special statutory circumstances apply.  See id.; 28 C.F.R. §§ 570.20, 570.21.

In Woodall, the Third Circuit held that the new regulations are not a permissible construction of § 3621(b) because they do not allow for full consideration of the factors enumerated in

6

that statute. Woodall, 432 F.3d at 241, 244. Specifically, the Third Circuit reasoned:

> The regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the test and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Id. at 244.

This Court's analysis of Petitioner's request that the BOP provide him with a lengthier RRC/CCC placement begins with a fundamental basic point: the BOP's policy pre-December, 2002, did not automatically provide six months CCC placement for each inmate. Nor does the Third Circuit's Woodall opinion require the BOP to transfer an inmate to a CCC for any specific period. Woodall, 432 F.3d at 251.[2]

---

[2] "We have held that the BOP may transfer an inmate to a CCC or like facility prior to the last six months or ten percent of his sentence. In exercising its discretion in this matter, the BOP must consider the factors set forth in § 3621(b). However, that the BOP may assign a prisoner to a CCC does not mean that it must. Therefore, the appropriate remedy is an order requiring the BOP to consider – in good faith – whether or not Woodall should be transferred to a CCC. In making this decision, the BOP should consider the sentencing judge's recommendation and the other § 3621 factors, as well as any other appropriate factors the BOP routinely considers. This should be done without

(continued...)

In this case, the recommended RRC/CCC placement of six months was reduced to two months due to lack of bed space in the District of Columbia. This consideration was proper, as § 3621(b) requires the BOP to consider "the resources of the facility contemplated," 18 U.S.C. § 3621(b)(1), and § 3624(c) only requires transfer to a RRC/CCC "to the extent practicable," 18 U.S.C. § 3624(c).

Consistent with these statutes, the BOP's Program Statement 7310.04, entitled "Community Corrections Center (CCC) Utilization and Transfer Procedure," contemplates that an inmate may not be placed in a CCC for the length of stay recommended by the warden due to limited bed space:

> Referrals to CCM offices should include a recommendation regarding the length of stay (range), such as recommending 60 to 90 days or 90 to 120 days, etc. This range of at least 30 days allows the CCM to match population needs with budgetary and CCC bed space resources, a process which requires this flexibility . . . . The CCM shall adhere to the recommended date, with any adjustment only being downward if budget and/or bed space constraints are a factor.

Program Statement 7310.04, CCC Criteria and Referral Guidelines, ¶ 9(a).

Petitioner's concerns appear very real and his Petition was no doubt made in good faith. However, this Court is constrained

---

[2](...continued)
reference to the BOP's 2002 and 2005 policies." Woodall, 432 F.3d at 251.

to dismiss the Petition because the BOP did not violate federal law in setting his placement date for a period of less than six months as a result of insufficient bed space.  See Jones v. Outlaw, 2007 WL 4404025 (E.D. Ark. Dec. 13, 2007) (dismissing petition where petitioner was given less than six months due to lack of bed space); Hurley v. Sherrod, 2005 WL 2141490 (D. Colo. Sept. 1, 2005 (CCC placement is properly limited by bed space).

### III.  CONCLUSION

The Court concludes that dismissal of the Petition is warranted.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
United States District Judge

DATE: February 19, 2008